UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re: Israel Otero Vicente**

**ISRAEL OTERO VICENTE,**

      **Appellant,**

v.                                            Case No. 6:23-cv-498-CEM
                                        Adv. Proc. Case. No. 6:22-ap-72-LVV
                                             Bankr. Case. No. 6:22-bk-2673-LVV

**BANK OF NEW YORK MELLON**
**and NEWREZ, LLC,**

      **Appellees.**
_____/

## ORDER

THIS CAUSE is before the Court upon Appellee Bank of New York Mellon's Suggestion of Mootness ("Suggestion of Mootness," Doc. 40). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Atty. Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (citing U.S. Const. art. III, § 2). "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles

or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Ca. v. United States*, 506 U.S. 9, 12 (1992)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Appellant's bankruptcy case stems from a state court judgment (Doc. 13-13), declaring that Appellee Bank of New York Mellon ("BONYM") "holds a lien for the total sum superior to all claims or estates of [Appellant]" on 7216 Glasgow Ave., Orlando, FL 32819 ("the Property") and ordering the Property be sold if Appellant failed to pay his debts, (*id.* at 2–6). Appellant filed a petition for Chapter 13 bankruptcy on July 27, 2022, in the United States Bankruptcy Court for the Middle District of Florida. (Voluntary Petition, Doc. 33-1, at 191). Appellee NewRez, LLC ("NewRez"), as servicer of the mortgage on the Property for BONYM, filed a Proof of Claim (Doc. 20 at 9–10) and designated the claim as secured. No other creditors filed claims. (Claims Register Summary, Doc. 27, at 10). The Bankruptcy Court dismissed the case after finding that Appellant's Chapter 13 Plan could not be confirmed. (Doc. 33-1 at 243–44; *see id.* at 250 n.24).

Appellant appealed that dismissal order, along with separately appealing two related bankruptcy court orders. (Notice of Appeal, Doc. 1; Doc. 33-1, at 212–33). After consolidating Appellant's three appeals, (May 25, 2023 Order, Doc. 21, at 2–3), the Court denied Appellant's Motion to Stay Order Dismissing Chapter 13 Case and to Reimpose the § 362 Automatic Stay, (July 13, 2023 Order, Doc. 38, at 9). The Suggestion of Mootness indicates that "the state court conducted a foreclosure sale of the Property, where the Property was sold to a third-party[,] . . . a new certificate of title was issued, and the sale funds have been disbursed," (*id.* at 1 (citing Certificate of Sale, Doc. 40-1; Certificate of Title, Doc. 40-2; Certificate of Disbursement, Doc. 40-3)).

The Eleventh Circuit "has repeatedly held that where a debtor fails to obtain a stay pending appeal of an adverse bankruptcy court order and the creditor subsequently conducts a foreclosure sale, the court of appeals is powerless to grant relief, and the appeal must be dismissed as moot." *In re Kahihikolo*, 807 F.2d 1540, 1542 (11th Cir. 1987); *see In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d 1294, 1296 (11th Cir. 1984) (dismissing appeal as moot where the lower court "refused to grant a stay pending appeal" and the "property has been sold to the creditors at foreclosure"); *Markstein v. Massey Assocs., Ltd.*, 763 F.2d 1325, 1327 (11th Cir. 1985) ("When the bankruptcy court sets aside an automatic stay pursuant to section 362(d), and the debtor fails to obtain a stay pending appeal with the result that the

property is sold to a creditor at foreclosure, a court is powerless to rescind the sale on appeal."); *In re Matos*, 790 F.2d 864, 865 (11th Cir. 1986) ("It is settled law in this circuit that when the debtor fails to obtain a stay pending appeal of the bankruptcy court's or the district court's order setting aside an automatic stay and allowing a creditor to foreclose on property, the subsequent foreclosure and sale of the property renders moot any appeal."). Therefore, the foreclosure of the Property has rendered moot Appellant's appeal and it is due to be dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** that this case is **DISMISSED as moot**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party